

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 12, 1951

Hon. J. M. Falkner
Commissioner
Department of Banking
Austin, Texas

Opinion No. V-1281

Re: Legality of placing the en-
dowment funds of a perpetual
care cemetery with a bank
situated outside the home
county of the cemetery asso-
ciation.

Dear Mr. Falkner:

Your letter requesting our opinion reads in part as
follows:

"This Department several weeks ago advised the
above captioned cemetery association, which is a per-
petual care cemetery, that since there is no trust
company within the county wherein it is situated that
it would be required to place the endowment fund with
a Board of Trustees composed of three or more persons,
no two of the trustees of which shall be directors of
the association, under Section 15 of the perpetual
care cemetery act (Art. 912a-15, V.C.S.). The asso-
ciation has entrusted this fund to the First National
Bank of Beaumont, outside the home county of the asso-
ciation. This Department construed the statute as re-
quiring by necessary implication that in all events
such fiduciary should be within the county of the ceme-
tery.

". . .

". . . Please advise us as to your construction
of Section 15."

The pertinent part of Article 912a-15, Vernon's Civil
Statutes, which is to be construed, is as follows:

"Every cemetery association or municipality or
other political subdivision which has established and
is now maintaining, operating and/or conducting a per-
petual care cemetery, and every association which shall
hereafter establish, maintain, operate and/or conduct,
a perpetual care cemetery within this State pursuant to
this Act, shall establish with a trust company or a

bank with trust powers, no two (2) of the directors of
which shall be directors of the cemetery association
for the benefit of which such fund is established, an
endowment fund of which the income only can be used for
the general perpetual care of its cemetery and to place
its cemetery under perpetual care; provided however,
that if there is no trust company or bank with trust
powers, qualified and willing to accept such trust
funds at the regular fees established by the Texas
Trust Act, located within the county within which such
cemetery association, municipality or other political
subdivision is located, then and only then, such en-
dowment fund may be established with a Board of Trus-
tees composed of three (3) or more persons, no two (2)
of the trustees of which shall be directors of such
cemetery association. . . ."

One of the primary rules governing statutory construc-
tion is that there is no room for construction when the law is
expressed in plain and unambiguous language and its meaning is
clear and obvious, in which case the law will be applied and en-
forced as it reads. Gilmore v. Waples, 108 Tex. 167, 188 S.W.
1037 (1916). Applying this rule to the foregoing statute, we
find nothing in the wording of the statute which requires that
perpetual care trust funds be deposited only in a trust company
or bank having trust powers in the county in which the cemetery
association is located.

Article 912a-15 was codified from Section 15 of House
Bill 46, Acts 49th Leg., 1945, ch. 340, p. 559. This Section
as originally adopted by the Legislature did not require that
the trust company or bank in which perpetual care funds were de-
posited be located within the county in which the cemetery asso-
ciation is located. This Section was amended by the Fiftieth
Legislature in 1947 (H.B. 98, Acts 50th Leg., ch. 210, p. 372)
so as to provide "that if there is no trust company or bank with
trust powers, qualified and willing to accept such trust funds
at the regular fees established by the Texas Trust Act, located
within the county within which such cemetery association, munici-
pality or other political subdivision is located, then and only
then, such endowment fund may be established with a Board of
Trustees composed of three (3) or more persons, no two (2) of the
trustees of which shall be directors of such cemetery association."

We find no expression in this Section as originally en-
acted or as amended indicating an intention on the part of the
Legislature to require that perpetual care funds be deposited
only in a trust company or bank with trust powers located within
the county in which the cemetery association is located. It is

the opinion of this office that the act of the cemetery association in entrusting the endowment fund to the First National Bank of Beaumont, outside the home county of the association, is within its legal authority.

### SUMMARY

Under Article 912a-15, V.C.S., a perpetual care cemetery association is authorized to deposit its trust funds with a trust company or bank having trust powers outside the county wherein such association is located.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

By _Jesse P. Luton, Jr._
Charles D. Mathews          Jesse P. Luton, Jr.
First Assistant             Assistant

JPL:lg